```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
SEANA HENRY,                                             :
                                                         :
                                                         :
                              Plaintiff,                 :
                                                         :           20-CV-6133 (VSB)
              - against -                                :
                                                         :           OPINION & ORDER
                                                         :
STEVEN GERSHAN, JAMES KIM and                            :
DREAM NJ, INC.,                                          :
                                                         :
                              Defendants.                :
---------------------------------------------------------X
```

Appearances:

Steven Goldstein
Goldstein & Handwerker, LLP
New York, NY
*Counsel for Plaintiff*

Brent Stephen Golisano
Law Office of Thomas K. Moore
White Plains, NY
*Counsel for Defendants James Kim and Dream NJ, Inc.*

VERNON S. BRODERICK, United States District Judge:

  This personal injury action was originally filed in the New York State Supreme Court, Bronx County. Thereafter, Defendants James Kim and Dream NJ, Inc. filed a petition for removal on the basis of diversity of citizenship. (Doc. 2.) Before me is Defendants Kim and Dream NJ, Inc.'s petition for removal and supporting exhibits, (Docs. 2, 1-1, 1-2, 1-3), Plaintiff's letter requesting remand and supporting exhibits, (Docs. 6, 6-1), and Defendants Kim and Dream NJ, Inc.'s reply and supporting exhibits, (Docs. 9, 9-1, 9-2, 9-3). Because none of the documents before me allege facts sufficient to establish the citizenship of each party, I direct the parties to file affidavits addressing issues related to citizenship so that I can determine whether federal

subject matter jurisdiction exists over this action.

## I. Background and Procedural History

Plaintiff commenced this action on February 12, 2020 by electronically filing a Summons and Verified Complaint in the New York State Supreme Court, Bronx County. (*See* Doc. 1-1.) The Verified Complaint names Steven Gershan, James Kim, and Dream NJ, Inc. ("Dream") as defendants. (*Id.*) Plaintiff alleges "severe and permanent personal injuries" stemming from a motor vehicle accident in which Plaintiff was a passenger in a taxicab operated by Defendant Gershan. (*Id.* ¶¶ 28–34.)

On August 5, 2020, Defendants James Kim and Dream filed a petition for removal in this District on the basis of diversity. (Doc. 2.) Defendants Kim and Dream assert that this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. (*Id.* ¶¶ D–E.) In support of their petition, Defendants Kim and Dream submit Plaintiff's Complaint, which states that Plaintiff resides in New York, (*see* Doc. 1-1 ¶ 1), Affidavits of Service on all Defendants, which provide New Jersey addresses for each Defendant, (*see* Doc. 1-2), and copies of all pleadings, process, and orders served in this action, (Doc. 1-3).

Plaintiff filed a letter on August 28, 2020 requesting that Defendants' petition be denied because skip trace results revealed that Defendant Kim is a resident of New York, therefore destroying complete diversity. (Doc. 6.) I directed Defendants to file a response on or before November 20, 2020 addressing the factual and legal issues raised by Plaintiff's letter, whether the case was properly removed, and any issues related to remand. (Doc. 8.)

On November 19, 2020, Defendants Kim and Dream responded.[1]  (*See* Doc. 9.) Defendants Kim and Dream assert that the skip trace document should not be considered because "it is not authenticated, certified or sworn to in any way," and there is no information on when the document was last updated.  (*Id.* at 1.)  Further, Defendants Kim and Dream claim that although sometime prior to 2018, Defendant Kim resided at the address listed on the skip trace, Defendant Kim has resided in New Jersey for the past two years.  (*Id.* at 1–2.)  In support of this assertion, Defendants Kim and Dream submit an affidavit from Defendant Kim that was filed in the New York State Supreme Court, Bronx County.  (Doc. 9-2.).  Defendants claim that "[b]ased on the affidavit of Mr. Kim, he is a resident of New Jersey as is his employer at the time Dream NJ, Inc. . . . Plaintiff, Seana Henry is a resident of New York.  Therefore, the United States District Court has original jurisdiction under 28 U.S.C. section 1332(a) by reason of complete diversity of citizenship of the parties."  (Doc. 9 at 2.)

## II.     **Legal Standards**

Pursuant to 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and where there is diversity of citizenship between the parties, including where the parties are "citizens of different states."  In order for there to be jurisdiction under section 1332(a), there must be "complete diversity" between the parties.  *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 545

---

[1] I am also in receipt of Defendants Kim and Dream's letter dated November 19, 2020, stating that Defendant Gershan has not filed any documents related to removal.  (*See* Doc. 10.)  This potentially raises an issue as to the "rule of unanimity," which requires "that all defendants consent to removal within the statutory thirty-day period." *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (interpreting 28 U.S.C. § 1446(b)(2)(A)).  However, because a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," 28 U.S.C. § 1447(c), and Plaintiff has made no such argument within the required timeframe, I do not consider the issue here.  I do not address any issues as to the timeliness of the removal petition because Plaintiff has likewise waived any objection to timeliness.  *See id.*

3

(S.D.N.Y. 2013) ("[D]iversity is lacking where any party to the action is a citizen of the same state as an opposing party.").

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "A corporation's principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (quoting *Hertz Corp.*, 559 U.S. at 92–93).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Accordingly, "[w]here . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "Any doubts as to removability should be resolved in favor of remand." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001); *see also Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000) ("[T]he party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise."). "A district court is required to raise *sua sponte* the question whether diversity of citizenship is adequately pleaded, either by the complaint where a plaintiff commences an action in a federal court, or by the notice of removal where a defendant removes to a federal court an action commenced by a

plaintiff in a state court." *Mackason v. Diamond Fin. LLC,* 347 F. Supp. 2d 53, 54–55 (S.D.N.Y. 2004).

### III. Discussion

Defendants Kim and Dream bear the burden of establishing that removal is proper. The letters submitted by the parties focus on the citizenship of Defendant Kim; however, Defendants Kim and Dream must "adequately plead[]" complete diversity, *see id.* at 54, meaning that Defendants Kim and Dream must demonstrate that "there is no plaintiff and no defendant who are citizens of the same State," *see Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks omitted).

As to the individual parties, Defendants Kim and Dream assert that "[a]ccording to the Plaintiff's Verified Complaint, Plaintiff is a resident of the State of New York," Defendant Gershan "is a resident of the State of New Jersey," and Defendant Kim is a "resident[] of New Jersey." (Doc. 2 ¶ G; *see also* Doc 9, at 2.) Citizenship for diversity purposes depends on domicile, not residency. *Mackason*, 347 F. Supp. 2d at 55; *Chappelle v. Beacon Commc'ns Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994) ("Even though a party may have several places of residence, he or she may have only one domicile at a given time."). "[A] statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44, 47 (2d Cir. 1996); *see also Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("residence alone is insufficient to establish domicile for jurisdictional purposes"); *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (noting that "it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens"). Although Defendants Kim and Dream submit an affidavit from Defendant Kim, the affidavit merely

restates his residency.[2] (*See* Doc. 9-2) ("I have been a resident of New Jersey since 2018."). Likewise, Defendants Kim and Dream aver that Plaintiff is a New York resident and Gershan is a New Jersey resident. (Doc. 2 ¶ G.) The statements of Defendants Kim and Dream concerning the residency of Plaintiff are also insufficient to establish diversity jurisdiction. *See Mackason*, 347 F. Supp. 2d at 55 (finding allegations of residency in complaint were insufficient to establish diversity jurisdiction).

Defendants Kim and Dream similarly state that Dream—the corporate entity—is a "resident[] of New Jersey." (Doc. 2 ¶ G.) Dream's residency, however, is irrelevant to the citizenship analysis. Because Dream is a corporation, I must look to its place(s) of incorporation and principal place of business to determine its citizenship. *See* 28 U.S.C. § 1332(c). As evidence of Dream's New Jersey citizenship, Defendants Kim and Dream cite to the Affidavit of Service on Dream which lists Dream's "actual place of business" as "102 HOLIDAY LANE RIVER VALE TOWNSHIP, NJ 07675," (Doc 1-2 at 1), and Kim's Affidavit stating that Dream is located in River Vale, Township, New Jersey, (Doc. 9-2). Besides this conclusory statement, there is no information in the record concerning whether or not the New Jersey address provided by Defendants Kim and Dream is the location where Dream's "officers direct, control, and coordinate . . . [Dream's] activities." *OneWest Bank, N.A,* 827 F.3d at 218 (internal citation and quotation marks omitted). I am therefore unable to determine whether Dream's principal place of business is in New Jersey. Likewise, the record does not provide Dream's state of incorporation. Defendants' averments are insufficient to establish diversity jurisdiction.

Based on the record before me, I cannot conclude that complete diversity of citizenship

---

[2] Because I find that Defendants Kim and Dream's allegations of residency are insufficient to establish citizenship, I do not address the potential effects of the skip trace results. I also do not address the amount in controversy requirement at this juncture.

6

exists. *See United Food & Commercial Workers Union, Local 919, AFL-CIO,* 30 F.3d at 302–03 ("[W]e are not free to speculate on the citizenship of each of the . . . members in the complete absence of any evidence regarding members' citizenship."); *Mackason,* 347 F. Supp. 2d at 55–56 (directing the parties to submit affidavits sufficient to demonstrate citizenship); *Mitchell v. City Express Limousine, LLC*, No. 17-CV-04490 (SHS), 2017 WL 2876313, at *3 (S.D.N.Y. July 6, 2017) (same).

### IV. Conclusion

For the foregoing reasons, the Court hereby orders:

- On or before January 11, 2021, Plaintiff is directed to file and serve an affidavit giving the details necessary under relevant case law to demonstrate her domicile at the time she commenced this action and at the time of removal to this Court.

- On or before January 11, 2021, Defendants Kim and Dream are directed to file and serve affidavits, giving the details necessary under relevant case law to demonstrate Defendant Gershan's and Defendant Kim's domiciles at the time this action was commenced and at the time of removal to this Court. Defendants Kim and Dream should also address the effect, if any, of the skip trace results on Defendant Kim's domicile.

-  On or before January 11, 2021, Defendants Kim and Dream, are directed to file and serve an affidavit executed by officers or representatives with knowledge of the facts, identifying Dream's place of incorporation and facts sufficient to demonstrate its principal place of business at the time this action was commenced and at the time of removal to this Court.

    If the Court determines that it does not have subject matter jurisdiction on the basis of these affidavits, it will remand the action to the New York State Supreme Court, Bronx County.

SO ORDERED.

Dated: December 22, 2020
      New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge