UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SEANA HENRY,                                                :
:
                       Plaintiff,       :
:
      - against -                                :
:
:
STEVEN GERSHAN, JAMES KIM and                :
DREAM NJ, INC.,                                              :
:
                     Defendants.  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/2021

20-cv-6133 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Seana Henry commenced this action on February 12, 2020 by electronically filing a Summons and Verified Complaint in the New York State Supreme Court, Bronx County. (*See* Doc. 1-1.) On August 5, 2020, Defendants James Kim and Dream NJ, Inc. ("Dream") filed a petition for removal in this District on the basis of diversity. (Doc. 2.) Defendants Kim and Dream asserted that this Court had original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. (*Id.* ¶¶ D–E.) Plaintiff filed a letter on August 28, 2020 requesting that Defendants' petition be denied due to a lack of complete diversity. (Doc. 6.) Plaintiff, however, did not file an appearance.

      On December 22, 2020, I issued an order directing the parties to provide more information so that I could determine whether complete diversity exists. (Doc. 11.) I directed Plaintiff to file and serve, by January 11, 2021, an affidavit giving the details necessary under relevant case law to demonstrate her domicile at the time she commenced this action and at the time of removal to this Court. (*Id.*) I directed Defendants Kim and Dream to do the same.

1

Defendants Kim and Dream timely complied. (Doc. 12). Plaintiff, however, did not file the required affidavit.

On January 15, 2021, I issued another order directing Plaintiff to file the affidavit on or before January 22, 2021. (Doc. 13.) I also directed Defendant Steven Gershan to file an affidavit establishing his domicile. (*Id.*) Defendant Gershan timely complied. (Doc. 16.) Plaintiff again failed to comply.

On February 1, 2021, I issued a third order directing Plaintiff to file an affidavit giving the details necessary to establish her domicile by February 8, 2021. (Doc. 17.) I noted that Plaintiff's repeated failure to file this affidavit was the only item preventing me from determining whether removal was proper. (*Id.*) I warned Plaintiff that if she failed to submit this affidavit by February 8, 2021, or otherwise demonstrate that she intends to prosecute this litigation, I might dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*) This order was emailed to counsel for the parties. Additionally, Defendants Kim and Dream filed a certificate of service of this order. (Doc. 18.) To date, Plaintiff has not filed the required affidavit, has not appeared, and has demonstrated no intent to prosecute this action, other than the letter requesting denial of removal that was filed more than five months ago. Plaintiff has repeatedly failed to comply with this Court's orders.

Accordingly, this action is dismissed without prejudice for failure to prosecute and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206,

209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 11, 2021
      New York, New York

                                       Vernon S. Broderick
                                       United States District Judge