```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SEANA HENRY,                                                :
                                                            :
                          Plaintiff,                        :
                                                            :           20-cv-6133 (VSB)
            - against -                                     :
                                                            :               ORDER
                                                            :
STEVEN GERSHAN, JAMES KIM and                               :
DREAM NJ, INC.,                                             :
                                                            :
                          Defendants.                       :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

On March 12, 2021, I directed Defendant Steven Gershan to provide the Court with a stamped copy of his motion for summary judgment in New York Supreme Court Bronx County by March 18, 2021.  (Doc. 24.)  I directed Defendants James Kim and Dream NJ, Inc. ("Dream") to provide the Court with a stamped copy of their notice of removal filed in New York Supreme Court Bronx County, and I directed the parties to provide the Court with a copy of the docket sheet from New York Supreme Court Bronx County.  (*Id.*)

Defendants Kim and Dream have provided me with their notice of removal, which indicates that the notice was filed in New York Supreme Court Bronx County on August 6, 2020, (Doc. 26-1); this is the same day the notice was filed before me, (*see* Doc. 2).  Plaintiff filed the docket sheet from New York Supreme Court Bronx County.  (Doc. 27-1.)  Defendant Gershan did not respond to my request.

Based on the docket sheet, it appears that Defendant Gershan's summary judgment motion was filed on September 23, 2020, which is after Defendants Kim and Dream filed their notice of removal.  (*See* Doc. 27-1 at 3–4.)  When a case is removed, "the State court shall

proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). "The state court may not proceed irrespective of whether the action is removable, as that is a question for the federal court." *Riveredge Owners' Ass'n v. Town of Cortlandt, Inc.*, No. 16CV5665GBDJLC, 2016 WL 6462387, at *7–8 (S.D.N.Y. Nov. 1, 2016), *report and recommendation adopted*, No. 16CIV5665GBDJLC, 2016 WL 7392218 (S.D.N.Y. Dec. 21, 2016) (internal quotation marks omitted) (holding that action taken by state court after the case was removed was void). "A federal district court has jurisdiction on the day that a notice of removal is filed with the Clerk of that court. . . . A State court, on the other hand, loses jurisdiction on the date the notice of removal is filed in State court." *Id.* at *7 (internal quotation marks omitted); *see Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 (S.D.N.Y. 2020) ("a federal court obtains jurisdiction when the notice of removal is filed with the federal court."). Accordingly, because Defendant Gershan's summary judgment motion was filed after the notice of removal was filed in state court, the state court did not have jurisdiction over that motion. After the notice of removal was filed in federal court on August 6, 2020, I had jurisdiction over the action, and on February 11, 2021, I dismissed the action without prejudice. (Doc. 19.) For the aforementioned reasons, I reiterate again that this action is dismissed.

SO ORDERED.

Dated:  March 31, 2021
       New York, New York

                                        Vernon S. Broderick
                                        United States District Judge